UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

VINNETTE CROWLEY,
    Plaintiff,

vs.                                                                   04-1367

SUZANNE HASTINGS, et al.
    Defendants.

## ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a federal prisoner, has filed this lawsuit pursuant to <u>Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The plaintiff claims her Eighth Amendment rights were violated at the Pekin Federal Prison Camp in Pekin, Illinois. The plaintiff has named two defendants including Warden Suzanne Hastings and the United States.

The plaintiff makes one basic claim in her complaint: that the defendants were deliberately indifferent to her serious medical needs when they failed to provide the plaintiff with a lower denture. The plaintiff says made repeated requests which were ignored for months. The plaintiff says the lack of a lower dental plate has impacted her ability to eat and has caused injuries to her jaw.

The court finds that the plaintiff has adequately stated a violation of her Eighth Amendment rights. However, the court must dismiss Defendant United States of America. A <u>Bivens</u> action may only be maintained against a federal official in his or her individual capacity; it cannot be maintained against the United States or a federal agency. See <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 484-86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); see also <u>Cross v. Fiscus</u>, 830 F.2d 755, 756 (7th Cir.1987) (finding that Bivens only authorizes suits against federal officials in their individual capacities)  Thus, to the extent the plaintiff is asserting <u>Bivens</u> claim against the United States or Defendant Hastings in her official capacity, the claims must be dismissed.

The court notes that the plaintiff has paid the initial partial filing fee. A scheduling order will be entered.

**IT IS THEREFORE ORDERED that:**

**1)   The plaintiff has adequately alleged that Defendant Suzanne Hastings violated her Eighth Amendment rights when she failed to provide lower dentures for the plaintiff.  The claim is against the defendant in her individual capacity only.**

**2) The claim against the United States and any intended official capacity claim are dismissed for failure to state a claim upon which relief can be granted.**

**3) The plaintiff has paid the initial partial filing fee.  A scheduling order is to be entered.**

Entered this 19th  day of September, 2005.

                          s/Harold A. Baker
                      _____
                          HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE