UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

VINNETTE CROWLEY,
    Plaintiff,

vs.                                                        04-1367

SUZANNE HASTINGS, et al.
    Defendants.

## ORDER

This cause is before the court for consideration of Defendant Hastings motion to dismiss the complaint [d/e 31] and plaintiff Crowley's motion for summary judgement. [d/e 34]. The court finds that the plaintiff's motion for summary judgement is not a dispositive motion, but a response to the motion to dismiss. The court will consider it as a response.

The plaintiff, a federal prisoner, filed this lawsuit pursuant to Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The plaintiff claims her Eighth Amendment rights were violated at the Pekin Federal Prison Camp in Pekin, Illinois. On September 25, 2005, the court conducted a merit review of the plaintiff's complaint and found that the plaintiff had adequately alleged that Defendant Suzanne Hastings violated her Eighth Amendment rights when she failed to provide lower dentures for the plaintiff.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. It is well established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972). See also Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521.

When considering whether to dismiss a complaint for failure to state a claim, the court takes the allegations in the complaint as true, viewing all facts and reasonable inferences drawn from those facts in the light most favorable to the Plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

## ANALYSIS

The defendants are asking the court to dismiss the plaintiff's complaint for failure to exhaust administrative remedies. The Prison Litigation Reform Act provides:

>No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  42 U.S.C. §1997e(a).

The defendant is relying on the statements and documentation provided in the plaintiff's complaint.  The plaintiff filed an Inmate Attempt at Informal Resolution on July 21, 2003.  The plaintiff said she needed a lower denture made soon in order to eat properly.  The plaintiff received a response and denial on August 18, 2003. (Pl. Ex. A).  The response stated that on October 3, 2000, it was noted that the plaintiff had both and upper and lower denture, but that she did not wear the full lower denture.  The plaintiff was also told that the lower ridge wears away without natural teeth to support it and "[t]here is nothing we can do to stop this natural process of the lower ridge from wearing away." (Pl. Ex. A)

The plaintiff then filed a Request for Administrative Remedy on August 19, 2003.  The plaintiff stated that she had never had her lower dentures while in custody.  She asked that a lower denture be made to slow the deterioration of her lower ridge.  The plaintiff also claimed that she had not seen a dentist since her arrival at the correctional center.

The Warden responded on September 12, 2003 and denied the request. (Pl. Ex. B).  The response stated that the plaintiff did receive an initial dental exam on October 30, 2000 which was done by a staff dentist.  It was noted that the plaintiff did have both upper and lower dentures, but did not wear the lower dentures.  The response further stated that the plaintiff "had been added to the waiting list for dentures.  Dentures are considered routine care and are done as time and staffing allows." (Pl. Ex. B)

Lastly, the response stated:

>This response is provided for informational purposes only.  If you are not satisfied with this response, you may appeal on the appropriate form to the Regional Director within twenty days from the date of this response. (Pl.Ex.B)

Nine months later, on June 7, 2004, the plaintiff appealed the warden's decision by filing an appeal.  (Pl. Ex D).  This appeal was denied as untimely. (Pl.Ex. E) The plaintiff was again reminded that appeals must be received within 20 days of the response from the warden.

The plaintiff's response to the motion to dismiss claims she relied on information from her counselor.  The plaintiff says "per the advise from the Plaintiff's Guidance Counselor Mr. Paul Sailer....Plaintiff then waited to proceed with the next step of the Administrative Grievance Steps to let The Dental Unit have time to get to plaintiff's name on the list." (Plain. Resp., p. 2)  The plaintiff says she made several attempts to find out where she was on the list before she filed her appeal nine months later.  The plaintiff's appeal says she had requested to be placed on the dental care list several times with no response.  She also argues that her request should not be seen as routine dental work, but instead viewed as an emergency.

The defendant has filed a reply stating it appears the plaintiff is arguing that the defendant should be estopped from raising a failure to exhaust defense because the plaintiff relied on advise from her counselor.  The Seventh Circuit Court of Appeals has not yet held that the exhaustion defense is subject to equitable estoppel.   However, if it if was, the plaintiff could not satisfy the requirements.  A party claiming estoppel must show: 1) a misrepresentation by the opposing party; 2) reasonable reliance on that misrepresentation; and 3) detriment. Lewis v Washington, 300 F.3d 829, 834 (7th Cir. 2002).  When asserting equitable estoppel against the government, one must also prove affirmative misconduct which requires an affirmative act to misrepresent or mislead. Id.

The warden's denial of the plaintiff's grievance clearly stated that the plaintiff had 20 days to file an appeal.   In her complaint, the plaintiff confirms that she talked to her counselor after she received this document and she further explains the advise she received from the counselor.  "He stated Petitioner could start the whole process, Administrative Remedy, over or continue on with her original process." (Comp, p. 3).  This does not appear to be a misrepresentation.  The plaintiff did have a choice to either immediately appeal the denial of her grievance or wait to see if she was placed on the list to see a dentist.  If she chose to wait and was not placed on the list within the 20 day appeal time frame.....she would have to start the process over again.  The plaintiff may have misunderstood her counselor and the information may not have been clearly explained, but this is not evidence of an affirmative act to misled the plaintiff.  The motion to dismiss is therefore granted for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for summary judgement is denied. [d/e 34] Although labeled a motion for summary judgement, the plaintiff has actually filed a response to the motion to dismiss.**

**2) The defendant's motion to dismiss the complaint is granted. [d/e 31] The case is dismissed pursuant to 42 U.S.C. §1997e(a) for failure to exhaust administrative remedies as required.**

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $150.00 in her trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $150.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $150.00.**

**4) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement,**

**to the attention of the Trust Fund Office.**

        Entered this _27th_____ day of June, 2006.

            **s\Harold A. Baker**
        _____
             HAROLD A. BAKER
        UNITED STATES DISTRICT JUDGE